IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23cv00203 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| M. HENDERLITE, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. She has not paid the filing fee, nor has she sought leave to proceed *in forma pauperis*.[1]

Based on court records, it is clear that at least three of Johnson's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[2] Put differently, she has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if she could prove her indigence, Johnson may not proceed with this case unless she either prepays the entire filing fee—which she has not done—or shows that she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Her complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

Johnson's claims all arise from a period of time when she was incarcerated at the Marion

---

[1] Based on complaints Johnson has filed in other cases, Johnson is a transgender woman, and she refers to herself using feminine pronouns. The court does so also.

[2] The cases are: (1) *Johnson v. Duty*, No. 7:21cv00635 (W.D. Va. July 1, 2022) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *see also Johnson v. Duty*, No. 7:21cv00635 (W.D. Va. Aug. 22, 2022) (denying motion for reconsideration and noting that requested amendments still fail to state a claim); (2) *Johnson v. Fuller*, No. 7:22cv00343 (W.D. Va. July 21, 2022) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *see also Johnson v. Fuller*, No. 7:22cv00343 (W.D. Va. Dec. 6, 2022) (denying motion for reconsideration and noting that even with proposed amendments, the complaint fails to state a claim); and (3) *Johnson v. Freeman*, No. 7:22-cv-00399 (W.D. Va. Dec. 6, 2022) (dismissing for failure to state a claim under 28 U.S.C. § 1915A(b)(1)).

Correctional Treatment Center, although she apparently was transferred from that facility prior to filing this lawsuit. Her allegations reference several different alleged constitutional violations. For example, she alleges that some of the defendants subjected her to verbal sexual harassment. She also alleges that when she made a complaint about the harassment, an investigation was done, but she was not permitted to have any witnesses or to have her witnesses interviewed. She further alleges that she received a false institutional charge for making a "false statement or charges against an employee," and her due process were violated during the disciplinary proceeding when she was not permitted to have witnesses. (*Id.* at 6.)

She also asserts a retaliation claim, in which she states that, after reporting the sexual harassment, she has been subjected to several acts of retaliation, including: (1) being denied religious services on a number of different dates; (2) having her cell searched on October 21, 2022; and (3) having three fans turned on when she was just getting out of the shower, even though it was already cold in the pod. (*Id.* at 8–9.)

The complaint also refers to two instances of physical contact, both of which Johnson describes as retaliation. First, she alleges that, on July 15, 2022, defendant Henderlite "assaulted" her while she was chained to a table, although she offers no description of any alleged assault or any injuries, and no further details about the incident. (*Id.* at 8.) Second, she alleges that on October 23, 2022, defendant Henderlite "put his finger in Johnson['s] booty." (*Id.* at 5; *see also id.* at 9 (discussing same incident and describing it as an act of retaliation).) The complaint does not specify whether Johnson was clothed or unclothed during this incident. Other offices were present, however, and Johnson was on her knees and her leg-irons were being removed. She further states that she hurt her ankle when she moved suddenly in reaction to being poked.

Upon review of Johnson's complaint, it is obvious that most of her claims do not involve any physical danger or contact at all. The ones that do are discrete incidents and do not appear to involve any serious physical injury. Significantly, moreover, both of those incidents occurred on

discrete dates in the past, the most recent of which was nearly six months before she filed her complaint.

In short, Johnson has not alleged facts showing she is at risk of any *imminent* serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must "exist contemporaneously when the action is filed," *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Here, again, Johnson references only two incidents of physical force—one that she does not describe in any detail and the second that does not appear to have resulted in any significant injury, however inappropriate the alleged conduct was. And both were approximately six months before she filed her complaint. She has thus failed to satisfy the "imminent danger" exception.

As Johnson has neither prepaid the filing fee nor demonstrated that she is "under imminent danger of serious physical injury," the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: April 20, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge